ALICE M. BATCHELDER, Chief Judge,
concurring.
I write sepai'ately because I differ with my colleagues on the basis for affirming the grant of summary judgment to Unum.
The district court granted Unum’s motion for summary judgment based on its finding that Kutlenios had made material misrepresentations in his application or omitted material facts from it. The district court expressly declined to reach Unum’s alternative claim that Kutlenios had committed fraud. The district court also, correspondingly, denied Kutlenios’s opposing motion for summary judgment, see Plaintiffs “Motion for Summary Disposition against Unum on the Issue of Fraud,” in which he explained why any misrepresentations (or omissions) had not been fraudulent.
The majority opinion expressly ignores the district court’s basis for granting summary judgment to Unum (that even innocent misrepresentations in the application void the policy) and instead, it appears, affirms on Unum’s alternative basis (that Kutlenios committed fraud). While we may “affirm on any basis supported by the record,” EA Mgmt. v. JP Morgan Chase Bank, N.A., 655 F.3d 573, 575 (6th Cir.2011), I am not entirely certain that the record here fully supports a finding of fraud, see R. 37 at 15-16, particularly in this summary-judgment posture, in which all factual inferences are drawn in favor of the non-moving party, Kutlenios. Moreover, I do not believe that it is necessary to make such a finding, as the district court was correct in its analysis and conclusion.
*555 It is beyond dispute that the application contains misstatements or omissions concerning Kutlenios’s medical history, and those misstatements are attributable to him. Kutlenios argues that the insurance policy’s incontestability clause protects him. That incontestability clause states:
After two years from the Effective Date of this Policy, no misstatements or omissions, except fraudulent misstatements or omissions, made by You in the application for this Policy will be used to void or Contest the Policy or to deny a claim for loss incurred or Disability that starts after the end of such two year period.
Because Kutlenios filed his claim after two years from the effective date, and accepting the district court’s suggestion that the evidence is insufficient (at least at this summary-judgment stage) to prove fraud, the part of the clause that remains operative can be re-stated as: no misstatements or omissions will be used to deny a claim for a disability that starts after the end of the two year period.
Given this clause, the question is thus whether Kutlenios’s claimed disability had begun before the end of the two year period. The district court found evidence in the record that it had, namely: Kutlen-ios’s medical history (dating back to at least 1998), Dr. Schwartz’s statement appended to the claim (that Kutlenios had come to him in April 2003), and Kutlenios’s own deposition testimony (that he had reduced his working hours in March 2006, due to his disability).
Kutlenios argues that neither his condition nor his medical care satisfies the definitions of Disability, Residual Disability, and Physician’s Care as written in the Policy, which are:
Disability ... means that You are Totally Disabled or Residually Disabled
Residual Disability ... means that You are not Totally Disabled, but due to Injury or Sickness:
1. You are unable to perform one or more of the material and substantial duties of Your Occupation .... for as long as normally required to perform them;
and
2. You are receiving Physician’s Care....
Physician’s Care means the regular and personal care of a Physician as frequently as is medically required according to standard medical practices, and which, under prevailing medical standards, is appropriate for the condition causing the Disability.
Kutlenios argues that, during the two-year period from May 2004 to May 2006, he was not receiving “regular” treatment for his AS and, therefore, was not receiving “physician’s care” as defined in the Policy, so he was not “residually disabled” as defined in the Policy; hence, the incontestability clause applies. But this assertion — that he was not receiving “regular treatment” — is not correct given his numerous office visits, tests, diagnoses, and treatment plans. The record demonstrates, beyond any legitimate dispute, that Kutlenios was under physician’s care for his AS during the period from May 2004 to May 2006 and, therefore, Unum was within its rights to void the policy based on the misstatements in the application (even if innocently made).
I would affirm the grant of summary judgment to Unum on this basis.